No. 2169.
Second Circuit Appeal.

## COMMODORE P. HARWOOD v. STANDARD OIL COMPANY OF LOUISIANA.

(November 6, 1924, Opinion and Decree.)
(January 19, 1925, Opinion and Decree on Re-hearing.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Master and Servant—Par. 159 (a).

Where an employee's shoulder was injured causing a bony growth to form at the top of the shoulder joint, which has a tendency to obstruct or lock the arm in the upward movement, the employee can recover under Employers' Liability Act No. 20 of 1914, Section 8, Subsection 1 (c), as amended by Act 43 of 1922.

(Note: The recent amendment is Act 216 of 1924. Editor's note.)

2. Louisiana Digest—Master and Servant—Par. 160 (e), (j).

Under Employers' Liability Act No. 20 of 1914 the trial judge in refusing a new

trial did not abuse his discretion under Section 18, especially in view of the fact that under Section 20 after one year the whole question of fact is subject to review.

**3. Louisiana Digest—Appeal—Par. 707.**

Judgment corrected as to credits due defendant which were omitted inadvertently.

Appeal from the First District Court, Parish of Caddo, Hon. J. H. Stephens, Judge.

This is a suit to recover compensation for injury producing partial disability under Employers' Liability Act No. 20 of 1914, Section 8, Subsection 1 (c).

Judgment for plaintiff and defendant appealed.

Judgment affirmed.

Huey P. Long of Shreveport, attorney for plaintiff and appellee.

T. M. Milling, F. L. Hargrove and Albert Garland of Shreveport, attorneys for defendant and appellant.

PORTER, J. The plaintiff claims, under the Workmen's Compensation Law of this State, compensation at the rate of $18.00 per week for 400 weeks, beginning on the 14th day of September, 1922, as for permanent disability to do work of any reasonable character.

While working as a "roustabout" for the defendant around one of its wells in Haynesville, the plaintiff was accidentally thrown against the fly wheel of a gas engine and received injuries on the head and right shoulder.

The answer avers that defendant has advanced plaintiff the "sum of $594.00, to be applied against such compensation as the said plaintiff might be entitled to". It also alleged that the plaintiff had worked for it from January 9, 1922, to March 12, 1923, at the rate of $135.00 per month, and that he received for this work $287.42. It is admitted in the answer that plaintiff was, at the time of the accident, receiving $135.00 as wages.

The trial in the District Court resulted in a judgment for the plaintiff, decreeing that he was totally disabled from September 7, 1922 (the date of the accident), until January 3, 1923—a period of seventeen weeks—and that he was entitled to $18.00 per week for that time—all of which had been paid—and that, in addition, he was entitled to $6.68 per week (for partial disability) for a period not to exceed 283 weeks, the first payment being due on the 20th of March, 1923, subject to a credit of payments for 16 2/3 weeks between January 3, 1923, and March 3, 1923, of "surplus wages". The judgment stipulated the usual interest on the payments from maturity. The defendant has appealed, and as there is no answer to the appeal, we are powerless to increase the judgment in favor of plaintiff, even if the evidence justified it. Counsel for plaintiff says in his brief that he prefers to exercise his right to have the judgment reviewed at the expiration of a year, rather than ask for an increase.

## OPINION

It is stated in defendant's brief that the District Judge fixed the compensation in accordance with sub-section C of Section 8, as amended by Act 43 of 1922, that is:

"For an injury producing partial disability to do work of any reasonable character, sixty per centum of the difference between the wages at the time of the injury and the wages which the injured employee is able to earn thereafter during the period of disability, not, however, beyond 300 weeks."

The testimony of the physician and surgeons who testified in the case for the defendant shows that, as a result of the injury to the shoulder, a bony growth had formed at the top of the shoulder joint, which has a tendency to obstruct, or lock,

the action of the arm in the upward movement; that the arm, while as strong as it ever was when used backward and forward, could not be used with facility, at least, when an attempt is made to raise it higher than the shoulder. The plaintiff says he can use his arm fairly well in the manner indicated, but that he has no strength in it. We think that this constituted a partial disability, which justifies the judgment.

We imagine the principal motive which prompted the appeal was some alleged information to the effect that plaintiff was able to perform labor of a reasonable character, and was, in fact, at, or shortly before the trial, and for a considerable time prior theretofore, actually engaged in work which paid him wages equal to or greater than those which he earned at the time of the accident. This information was obtained by it after the trial, but before the judgment was signed, and a motion based upon it was filed and over-ruled.

The plaintiff, after his failure to secure the kind of a settlement with the defendant Company to which he thought he was entitled, left defendant and went to Texas, and he testified that he worked for several oil companies there, among them the Tidal Oil Company, for which he did some clean-up work on the lease, and also picked up trash around the rig and cleaned up.

Defendant's attorneys wrote to the manager of the Tidal Oil Company, enquiring about the work which plaintiff had done for it, and received the following letter:

"This man worked for some time in the connection gang, laying 2-inch pipe and doing general lease work, then was transferred to the gang setting gas engines and connecting them up at the individual wells, and now I understand he is tending the air compressors in one of our stations which applies air for flowing certain of our wells.

"I have heard Harwood commended by the men working with him, and he is said to be a reliable and intelligent man, and all of his work here has been satisfactory. I have talked with him on numerous occasions, and while he never mentioned any disability to me, some of the men who roomed with him advise me that his right arm is injured in some manner, making it hard for him to use it much when necessary to raise it on a level with his shoulder or higher, but that he seems to have a fair use of it when carried somewhere near the natural position. Harwood appears to me to be a little above the average run of labor in the oil fields in intelligence, as regards the capacity in which he has been employed by us, which probably more or less offsets his physical disability. We have paid him wages of $4.50 per day of nine hours and $5.00 per day when working 12 hours."

This letter was annexed to the motion for a new trial which is otherwise in due form. The pertinent facts stated in the letter are all hearsay, and it might be impossible to confirm them by the testimony of the witnesses who are in a position to do so, even if the new trial were granted—though this, of itself, would not be a fatal objection to granting the new trial. But the letter itself tends to corroborate the plaintiff as to the injury to his shoulder, and to justify recovery under another part (Sub-section E, Section 8) of the Act.

At any rate, in view of the familiar rule that the trial Court has a very broad discretion in the matter of granting continuances and new trials, we should hardly be warranted in holding that such discretion had been abused in this case.

This is particularly true in this case where the judgment is not conclusive except for the period of a year, after the expiration of which the whole question of fact is subject to review.

The judgment appealed from is affirmed.

---

## ON MOTION FOR REHEARING

The surmise of the organ of the court as to defendant's motive for appealing is

immaterial and so is the slight discrepancy between the testimony of the doctors and his statement of that testimony.

We do not think the District Judge abused his discretion in refusing to grant a new trial. Aside from the question of due diligence, we do not think the testimony of the doctors as given or the statements in Igleheart's letter, if proven, or both together, sufficient to invalidate the finding of the District Judge, which was, we think, that at the time of the trial, and since recovering from total disability, the plaintiff's condition, due to the accident, was one of partial disability, entitling him, during its continuance but not exceeding 283 weeks, to compensation under Subsection (c) of Section 8 of the Compensation Law.

We also think that the original opinion, fairly construed, bases his right of recovery on that subsection and not on Subsection (e), and this we now formally hold.

But the defendant is entitled, we think, to certain credits which the judgment (probably through inadvertence in drafting it) does not seem to allow. This, though, can be corrected without a rehearing and for the sake of clearness we shall recast the judgment.

It is accordingly decreed that the judgment originally rendered herein and also the judgment of the lower court be set aside, and that instead thereof judgment be now rendered in favor of Commodore P. Harwood and against Standard Oil Company of Louisiana, as follows:

1st. For seventeen weeks compensation for total disability at eighteen dollars per week, the first payment being decreed due September 14th, 1922, with five per cent per annum interest on each payment from maturity thereof.

2nd. For compensation during partial disability but not exceeding two hundred and eighty-three weeks at six and 68-100 dollars ($6.68) per week, the first of these payments being decreed due March 20th, 1923, with five per cent per annum interest on each payment from maturity thereof, subject to credits as follows:

1st. Five hundred and ninety-four dollars paid by defendant from time to time with allowance of interest at five per cent per annum on the respective payments from the time each was made; and,

2nd. One hundred and two and 77-100 dollars surplus wages paid plaintiff between January 3, 1923, and March 13, 1923, with allowance of five per cent per annum interest on the respective weekly installments thereof from the time each was paid. It is further decreed that this judgment shall be subject to the contract between plaintiff and his attorney, Huey P. Long, under which the said Long is entitled to one-third of all sums awarded plaintiff.

It is finally decreed that defendant pay the costs of the lower court and plaintiff those of appeal. Rehearing refused. The right is reserved to plaintiff to ask a rehearing on the question of the credits herein allowed.